UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
JOSE MELVIN OCHOA, on behalf of himself, :
and all others similarly situated, :
 :
                                        Plaintiff, : **Case No.: 13 Civ. 1205 (JS) (ARL)**
          - against - :
 : **SECOND AMENDED**
RUVO RESTAURANT GROUP, LLC d/b/a : **COMPLAINT**
RUVO RESTAURANT, :
RUVO RESTAURANT EAST, LLC d/b/a :
RUVO RESTAURANT, :
DENICOLA BROTHERS, INC. d/b/a LA TAVOLA, and :
JOSEPH DENICOLA, individually, :
 :
                                      Defendants. :
------------------------------------------------------------------------- X

      Plaintiff JOSE MELVIN OCHOA, on behalf of himself and all others similarly situated, by and through his attorneys SHULMAN KESSLER LLP complaining of the defendants, alleges as follows as for his Second Amended Complaint:

## INTRODUCTION

      1.     Plaintiff brings this action seeking monetary damages and affirmative relief based upon defendants' violation of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201, *et seq.,* the New York Labor Law (hereinafter referred to as "N.Y. Lab. Law" or "NYLL"), and other appropriate rules, regulations, statutes and ordinances.

## STATEMENT PURSUANT TO LOCAL RULE 9

      2.     For purposes of complying with Local Rule 9, plaintiff states that he has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

## JURISDICTION & VENUE

3. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. Defendant RUVO RESTAURANT GROUP, LLC does business in Suffolk County in the State of New York, within the Eastern District of New York, maintaining a place of business at 63 Broadway, Greenlawn, New York.

6. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff JOSE MELVIN OCHOA is a resident of the County of Suffolk, State of New York.

8. At all times relevant to the Second Amended Complaint, plaintiff JOSE MELVIN OCHOA was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

9. That the plaintiff JOSE MELVIN OCHOA was employed by the defendants from in or about August 2002 until in or about January 2013.

10. That during the course of his employment with the defendants, the plaintiff JOSE MELVIN OCHOA was a kitchen laborer.

11. Upon information and belief, defendant RUVO RESTAURANT GROUP, LLC was and still is a domestic limited liability corporation organized and existing pursuant to the laws of the State of New York.

12. Upon information and belief, defendant RUVO RESTAURANT GROUP, LLC's principal place of business was and still is 63 Broadway, Greenlawn, New York, 11740.

13. Upon information and belief, and at all times hereinafter mentioned, the defendant RUVO RESTAURANT GROUP, LLC was and still is engaged in the restaurant business.

14. Upon information and belief, the defendant RUVO RESTAURANT GROUP, LLC was and still is doing business as RUVO RESTAURANT.

15. At all times hereinafter mentioned, defendant RUVO RESTAURANT GROUP, LLC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

16. Upon information and belief, defendant RUVO RESTAURANT EAST, LLC was and still is a domestic limited liability corporation organized and existing pursuant to the laws of the State of New York.

17. Upon information and belief, defendant RUVO RESTAURANT EAST, LLC's principal place of business was and still is 105 Wynn Lane, Port Jefferson, New York, 11777.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant RUVO RESTAURANT EAST, LLC was and still is engaged in the restaurant business.

19. Upon information and belief, the defendant RUVO RESTAURANT EAST, LLC was and still is doing business as RUVO RESTAURANT.

20. At all times hereinafter mentioned, defendant RUVO RESTAURANT EAST, LLC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §

203(d), and N.Y. Lab. Law § 190(3).

21. Upon information and belief, defendant DENICOLA BROTHERS, INC. was and still is a domestic limited liability corporation organized and existing pursuant to the laws of the State of New York.

22. Upon information and belief, defendant DENICOLA BROTHERS, INC.'s principal place of business was and still is 183 West Main Street, Sayville, New York, 11782.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant DENICOLA BROTHERS, INC. was and still is engaged in the restaurant business.

24. Upon information and belief, the defendant DENICOLA BROTHERS, INC. was and still is doing business as LA TAVOLA.

25. At all times hereinafter mentioned, defendant DENICOLA BROTHERS, INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

26. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA owns and/or operates the defendant RUVO RESTAURANT GROUP, LLC.

27. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the President of the defendant RUVO RESTAURANT GROUP, LLC.

28. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the Vice-President of the defendant RUVO RESTAURANT GROUP, LLC.

29. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is a shareholder of the defendant RUVO RESTAURANT GROUP, LLC.

30. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is a corporate officer of the defendant RUVO RESTAURANT GROUP, LLC.

31. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the Chief Executive Officer of the defendant RUVO RESTAURANT GROUP, LLC.

32. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is an agent of the defendant RUVO RESTAURANT GROUP, LLC.

33. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA, has the authority over personnel decisions for the defendant RUVO RESTAURANT GROUP, LLC.

34. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority over payroll decisions for the defendant RUVO RESTAURANT GROUP, LLC.

35. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA supervised employees of the defendant RUVO RESTAURANT GROUP, LLC.

36. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority to hire and fire employees for the defendant RUVO RESTAURANT GROUP, LLC.

37. Defendant JOSEPH DENICOLA has the power to make binding decisions for defendant RUVO RESTAURANT GROUP, LLC.

38. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA owns and/or operates the defendant RUVO RESTAURANT EAST, LLC.

39. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the President of the defendant RUVO RESTAURANT EAST, LLC.

40. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the Vice-President of the defendant RUVO RESTAURANT EAST, LLC.

41. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is a shareholder of the defendant RUVO RESTAURANT EAST, LLC.

42. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is a corporate officer of the defendant RUVO RESTAURANT EAST, LLC.

43. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the Chief Executive Officer of the defendant RUVO RESTAURANT EAST, LLC.

44. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is an agent of the defendant RUVO RESTAURANT EAST, LLC.

45. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA, has the authority over personnel decisions for the defendant RUVO RESTAURANT EAST, LLC.

46. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority over payroll decisions for the defendant RUVO RESTAURANT EAST, LLC.

47. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA supervised employees of the defendant RUVO RESTAURANT EAST, LLC.

48. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority to hire and fire employees for the defendant RUVO RESTAURANT EAST, LLC.

49. Defendant JOSEPH DENICOLA has the power to make binding decisions for defendant RUVO RESTAURANT EAST, LLC.

50. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA owns and/or operates the defendant DENICOLA BROTHERS, INC.

51. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the President of the defendant DENICOLA BROTHERS, INC.

52. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the Vice-President of the defendant DENICOLA BROTHERS, INC.

53. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is a shareholder of the defendant DENICOLA BROTHERS, INC.

54. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is a corporate officer of the defendant DENICOLA BROTHERS, INC.

55. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is the Chief Executive Officer of the defendant DENICOLA BROTHERS, INC.

56. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA is an agent of the defendant DENICOLA BROTHERS, INC.

57. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority over personnel decisions for the defendant DENICOLA BROTHERS, INC.

58. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority over payroll decisions for the defendant DENICOLA BROTHERS, INC.

59. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA supervised employees of the defendant DENICOLA BROTHERS, INC.

60. Upon information and belief, and at all times hereinafter mentioned, the defendant JOSEPH DENICOLA has the authority to hire and fire employees for the defendant DENICOLA BROTHERS, INC.

61. Defendant JOSEPH DENICOLA has the power to make binding decisions for defendant DENICOLA BROTHERS, INC.

62. At all times hereinafter mentioned, the defendant JOSEPH DENICOLA was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

63. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. have a unified payroll practice.

64. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. constitute a unified operation.

65. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. constitute a common enterprise.

66. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. have interrelated operations.

67. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. have common management.

68. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. have a centralized control of labor relations.

69. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. have common ownership.

70. Defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. share employees.

71. At all times hereinafter mentioned, the defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. constituted a single employer.

72. At all times hereinafter mentioned, the defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC. constituted an integrated enterprise.

73. At all times hereinafter mentioned, the activities of the defendant RUVO RESTAURANT GROUP, LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

74. At all times hereinafter mentioned, defendant RUVO RESTAURANT GROUP, LLC employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of

Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

75. At all times hereinafter mentioned, defendant RUVO RESTAURANT GROUP, LLC's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

76. At all times hereinafter mentioned, the activities of the defendant RUVO RESTAURANT EAST, LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

77. At all times hereinafter mentioned, defendant RUVO RESTAURANT EAST, LLC employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

78. At all times hereinafter mentioned, defendant RUVO RESTAURANT EAST, LLC's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

79. At all times hereinafter mentioned, the activities of the defendant DENICOLA BROTHERS, INC. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

80. At all times hereinafter mentioned, defendant DENICOLA BROTHERS, INC. employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

81. At all times hereinafter mentioned, defendant DENICOLA BROTHERS, INC.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

82. At all times hereinafter mentioned, defendants RUVO RESTAURANT GROUP, LLC, RUVO RESTAURANT EAST, LLC, and DENICOLA BROTHERS, INC.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

83. Plaintiff JOSE MELVIN OCHOA was an employee of the defendants, working under their direct supervision.

84. At all times hereinafter mentioned, plaintiff JOSE MELVIN OCHOA was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times, his regular rate of pay after he had worked forty (40) hours in a workweek.

85. During most workweeks between March 7, 2010 and January 2013 (the "FLSA Period"), Plaintiff JOSE MELVIN OCHOA worked more than sixty-five (65) hours, while employed by the defendants.

86. Throughout the FLSA Period, defendants failed to compensate the plaintiff JOSE MELVIN OCHOA for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate.

87. During most workweeks between March 7, 2007 and January 2013 (the "NYLL Period"), Plaintiff JOSE MELVIN OCHOA worked more than sixty-five (65) hours per week, while employed by the defendants.

88. Throughout the NYLL Period, defendants failed to compensate the plaintiff JOSE MELVIN OCHOA for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate.

89. Throughout the NYLL Period, Plaintiff JOSE MELVIN OCHOA worked more than ten (10) hours on most workdays in which he was employed by the defendants.

90. Throughout the NYLL Period, defendants failed to compensate the plaintiff JOSE MELVIN OCHOA for time worked in excess of ten (10) ten hours per day.

91. Throughout the NYLL Period, defendants failed to furnish the plaintiff JOSE MELVIN OCHOA with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

92. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records throughout the FLSA and NYLL Periods.

93. During the FLSA and NYLL Periods, Plaintiff worked at defendants RUVO RESTAURANT GROUP, LLC and RUVO RESTAURANT EAST, LLC restaurant locations.

94. During the FLSA and NYLL Periods, Plaintiff's co-worker simultaneously worked as a kitchen laborer at defendants RUVO RESTAURANT GROUP, LLC and DENICOLA BROTHERS, INC. restaurant locations.

**COLLECTIVE ACTION CLAIM**

95. Upon information and belief, there are approximately twenty-five (25) current and former employees that are similarly situated to the plaintiff, who have been denied overtime compensation. Plaintiff JOSE MELVIN OCHOA is representative of those other workers and is acting on behalf of the defendants' current and former employees' interests as well as his own

interests in bringing this action.

96. Plaintiff JOSE MELVIN OCHOA seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All persons who give their consent, in writing, to become party plaintiff and who are and have been employed as kitchen laborers by the defendants at any time during the three (3) years prior to the filing of their respective consent forms.

97. Similarly situated former and current employees are readily identifiable and locatable through use of the defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff, who have been unlawfully deprived of overtime pay, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE CLASS FOR FAILURE TO PAY OVERTIME AN FLSA VIOLATION

98. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "97" of the Second Amended Complaint, with the same force and effect, as if fully alleged herein.

99. Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

100. The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to him.

101. The plaintiff has expressed his consent to make these claims against the defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit "A," annexed hereto).

102. As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

### AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR FAILURE TO PAY OVERTIME A NYLL VIOLATION

103. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "102" of the Second Amended Complaint, with the same force and effect, as if fully alleged herein.

104. Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of the NYLL.

105. By the course of conduct set forth above, defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 146-1.4.

106. Defendants have a policy and practice of refusing to pay overtime compensation to the plaintiff.

107. Defendants' failure to pay overtime compensation to plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

108. As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendants are indebted to him in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the defendants' unlawful and willful conduct, as the Court deems just and proper.

109. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the NYLL.

**AS AND FOR THE THIRD CAUSE OF ACTION ON
BEHALF OF PLAINTIFF
FOR VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
OF THE NEW YORK COMMISSIONER OF LABOR,
A NYLL VIOLATION**

110. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "109" of the Second Amended Complaint, with the same force and effect, as if fully alleged herein.

111. Defendants failed to pay plaintiff one (1) additional hour pay at the basic minimum wage rate before allowances for each day plaintiff's spread of hours exceeded ten (10) hours, in violation of N.Y. Lab. Law §§ 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

112. Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the NYLL.

113. Defendants' failure to pay plaintiff an additional hour pay for each day plaintiff's spread of hours exceeded ten (10) was willful within the meaning of N.Y. Lab. Law § 663.

114. As a result of the foregoing, plaintiff has been injured, and defendants have profited thereby, in an amount to be proven at trial.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### FOR VIOLATION OF NOTICE AND RECORD-KEEPING REQUIREMENTS
### A NYLL VIOLATION

115. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "114" of the Second Amended Complaint, with the same force and effect, as if fully alleged herein.

116. Defendants failed to supply plaintiff notice as required by N.Y. Lab. Law § 195, as codified by 12 N.Y.C.R.R. § 146-2.2, in English or in the language identified by plaintiff as his primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

117. Defendants failed to supply plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

16

commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

118. Due to defendants' violations of N.Y. Lab. Law § 195, plaintiff is entitled to damages of fifty dollars for each workweek that defendants failed to provide plaintiff with a wage notice, or a total of twenty-five hundred dollars, and damages of one hundred dollars for each workweek that defendants failed to provide plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff JOSE MELVIN OCHOA prays for the following relief as follows, on the first cause of action:

a. Judgment against defendants for plaintiff's unpaid back wages at the applicable overtime rate;

b. An equal amount to the overtime wage damages as liquidated damages;

c. Judgment against defendants that their violations of the FLSA were willful;

d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

e. All costs and attorneys' fees incurred prosecuting these claims; and

f. For such further relief as the Court deems just and equitable.

WHEREFORE, plaintiff prays for the following relief as follows, on the second cause of action:

    a.    Judgment against defendants for an amount equal to plaintiff's unpaid back wages at the applicable overtime rate;

    b.    Liquidated damages at the applicable rate;

    c.    All costs and attorneys' fees incurred in prosecuting these claims; and

    d.    For further relief as this Court deems just and equitable.

WHEREFORE, plaintiff prays for the following relief as follows, on the third cause of action:

    a.    Judgment against defendants for an amount equal to plaintiff's unpaid back wages at the applicable rate;

    b.    Liquidated damages at the applicable rate;

    c.    All costs and attorneys' fees incurred in prosecuting these claims; and

    d.    For further relief as this Court deems just and equitable.

WHEREFORE, plaintiff prays for the following relief as follows, on the fourth cause of action:

    a.    Damages of fifty dollars for plaintiff for each workweek that defendants failed to provide plaintiff with a wage notice, or a total of twenty-five hundred dollars, as provided for by N.Y. Lab. Law § 198;

    b.    Damages of one hundred dollars for plaintiff for each workweek that defendants failed to provide plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by N.Y. Lab. Law § 198;

    c.    All costs and attorneys' fees incurred prosecuting these claims;

    d.    Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

  e. An injunction requiring defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq.*; and

  f. For such further relief as the Court deems just and equitable.


Dated: Melville, New York
   July 9, 2013       Yours, etc.,

               SHULMAN KESSLER LLP

               By: */s/ Troy L. Kessler*
                 Troy L. Kessler
                 Marijana F. Matura
                 Ilan Weiser
               *Attorneys for Plaintiff and the*
               *Putative FLSA Collective Class*
               510 Broadhollow Road, Suite 110
               Melville, New York 11747
               (631) 499-9100

To: Putney, Twombly, Hall & Hirson LLP
   *Attorney for Defendants*
   521 Fifth Avenue
   New York, New York 10175
   (212) 682-0020