UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE MELVIN OCHOA, on behalf of himself,
and all others similarly situated,

                                 Plaintiff,

        - against –

RUVO RESTAURANT GROUP, LLC d/b/a
RUVO RESTAURANT,
RUVO RESTAURANT EAST, LLC d/b/a
RUVO RESTAURANT,
DENICOLA BROTHERS, INC. d/b/a LA TAVOLA, and
JOSEPH DENICOLA, an individual,

                                 Defendants.
-------------------------------------------------------------------X

ORDER

13 Civ. 1205 (JS)(ARL)

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

      Pursuant to Federal Rule of Civil Procedure 41(a), the Parties, by and through their undersigned counsel, stipulate to the dismissal of the above-captioned action in its entirety with prejudice.

      The Parties state that Defendants have agreed to pay Plaintiff all amounts to which he alleges he is entitled to for overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA") in full, without compromise. As such, no judicial review is required. *See Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199 (11th Cir. 2012) (if the employer tenders 100% of the unpaid wages claimed by the employees, plus liquidated damages, even while denying liability, the case is moot and no fairness hearing is necessary); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (no judicial oversight is required where FLSA settlement is for full statutory damages). *See also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 364 (S.D.N.Y. 2013) (observing that "it is not clear that judicial approval of an FLSA settlement is legally required."); *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 372 (E.D.N.Y. 2013) ("the view that the procedure of a court requiring approval before it permits Parties to

1

voluntarily dismiss an FLSA action is incorrect [because] [i]t runs a foul of Fed. R. Civ. P. 41, which gives the . . . Parties jointly, at a later stage in the case, free reign to discontinue for any reason.").

Because the Parties have agreed to payment of attorney's fees and cost separately, the Court need not separately review Plaintiff's attorneys' fees and costs. *See Picerni*, 925 F. Supp. 2d at 377, n.3 (citing *Cisek v. National Surface Cleaning, Inc.*, 954 F. Supp. 110 (S.D.N.Y. 1997)).

Based on the foregoing, the Parties request the Court to direct the Clerk of the Court to close this case with prejudice.

Respectfully submitted this the ____ day of _____, 2014.

_____
Troy L. Kessler, Esq.
SHULMAN KESSLER LLP
510 Broadhollow Road, Suite 110
Melville, NY 11747
(631) 499-9100

*Attorneys for Plaintiff*

_____
Mark Hernandez, Esq.
PUTNEY TWOMBLY HALL & HIRSON LLP
521 Fifth Avenue
New York, NY 10175
(212) 682-0020

*Attorneys for Defendants*

```
SO ORDERED:
    /s/ JOANNA SEYBERT
_____
    Joanna Seybert, USDJ
Dated:   April 24, 2014
         Central Islip, NY
```